REQUESTED BY: Harold W. Clarke, Director, Nebraska Department of Correctional Services
1. "Will the provisions of LB 816 apply if an inmate is sentenced prior to July 15, 1992 the effective date of LB 816, but appeals his or her sentence, and the final decision of the appellate court is not rendered until after that date?"
2. "Will the provisions of LB 816 apply if an inmate is sentenced prior to July 15, 1992, and then has his or her sentence reduced pursuant to § 29-2308.01 after that date?"
3. "If an inmate forfeits good time pursuant to §83-1,107(2) of LB 816, is that forfeiture applied to both the maximum and minimum terms, or just the maximum term?"
4. "If an inmate is committed to the department as a 90-day evaluator prior to the effective date of this act, but not actually sentenced until after that date, his or her sentence will run from the date of the original commitment pursuant to § 83-1,105. Would the good time provisions of LB 816 be applicable?"
ANSWER: Generally, no. In Boston v. Black, 215 Neb. 701
(1983), the Nebraska Supreme Court analyzed a series of cases dealing with Nebraska good time statutes. Although the court was looking at a variety of issues not raised in your letter, the court did indicate that the date which determines what good time statutes are applicable to the inmate's sentence is the date on which a sentence is "deemed to begin." The court noted that the date of the inmate's initial incarceration on a sentence (or on the first of a series of consecutive sentences) is the date when the sentence is "deemed to begin." Id. at 710. So, the court instructs us to look not to the date of sentencing or the date of final mandate after any appeal, but instead to the date on which the inmate's sentence is deemed to begin when determining what good time statutes apply to the inmate's sentence.
ANSWER: No. A reduction of the inmate's sentence pursuant to the provisions of Neb.Rev.Stat. § 29-2308.01
(Reissue 1989) would not affect the date on which the inmate's sentence is deemed to begin. Because that is the date which controls the application of good time to the inmate's sentence, a reduction of the sentence pursuant to § 29-2308.01 after July 15, 1992, would not cause the provisions of LB 816 to apply to a sentence which was deemed to begin before July 15, 1992.
ANSWER: This is a matter within the discretion of the Department's administration. LB 816 provides for good time credits on both maximum and minimum terms. As under former good time laws, LB 816 permits the chief executive officer of a facility to cause an inmate's good time credits "on such terms" to be forfeited, with the approval of the director, after the inmate has been consulted regarding any charges of misconduct. Neither the provisions of LB 816 nor the provisions of prior good time statutes specify whether forfeitures of good time should come from both the maximum and the minimum terms simultaneously, or from only one term at a time. It would be a matter for the department's internal regulations to specify whether good time should be forfeited from the maximum and minimum terms simultaneously in the event of a disciplinary action resulting in a loss of good time, or whether good time should be forfeited from an inmate's maximum or minimum term separately.
ANSWER: No. According to the analysis provided by the Nebraska Supreme Court in Boston, supra, the good time laws in effect on the date the inmate's sentence is deemed to begin would be applicable to the inmate's sentence and to any subsequent consecutive sentences received by that inmate.
You have asked several questions concerning the proper application of LB 816, passed during the 1992 legislative session, which consolidated and modified Nebraska's good time laws to provide inmates with more generous credits of good time on both their maximum and minimum terms.
Sincerely yours,
DON STENBERG Attorney General
Laurie Smith Camp Assistant Attorney General
APPROVED BY:
____________________________ Don Stenberg Attorney General